a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONALD IRBY, Plaintiff | CIVIL ACTION NO. 1:18-CV-1330-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 3) filed by pro se Plaintiff Ronald Irby ("Irby") (#583538). Irby is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana ("RLCC").

Because Irby has not shown immediate and irreparable injury, loss or damage will result before Defendants can be heard in opposition, or the likelihood of success on the merits, Irby's motion (Doc. 3) should be denied.

I.  Background

Irby filed a civil rights complaint (42 U.S.C. § 1983) regarding medical care received at the RLCC. Irby also presented these claims in a petition filed in Louisiana's 12th Judicial District Court, Avoyelles Parish. (Doc. 1). Irby's state case has been stayed because Irby failed to pay court costs pursuant to Louisiana's law regarding proceedings *in forma pauperis*. (Doc. 4-1).

Although Irby was initially granted leave to proceed *in forma pauperis* in this case, the order was revoked because Irby previously filed three civil actions in this Court that were dismissed as frivolous, malicious, or for failing to state a claim for which relief could be granted, and because Irby did not allege that he is in imminent danger of serious physical injury, as required by § 1915(g). (Doc. 8).

II.  Law and Analysis

Irby seeks a temporary restraining order ("TRO") or preliminary injunction to prevent Defendants from future retaliation. (Doc. 3).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In order for Irby to obtain a preliminary injunction, he must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the

injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. Women's Med. Ctr. v. Bell, 248 F.3d 411, 418–19 (5th Cir. 2001); see also Flores v. Jacobs, 442 F. App'x 164, 165 (5th Cir. 2011); Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria." Black Fire Fighters Ass'n, 905 F.2d at 65; see also Flores, 442 F. App'x at 165.

Irby cannot meet the requirements set forth above. Irby has not alleged any specific facts to show that immediate irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition, or that there is a substantial threat of irreparable injury to him if his requested injunction is not granted. Irby seeks to prevent possible future retaliation. However, a claim of retaliation cannot be prospective or speculative. See Burley v. Davis, 6:17-cv-490, 2018 WL 3301708, at *3 (E.D. Tex. Feb. 5, 2018), report and recommendation adopted, 2018 WL 1165840 (E.D. Tex. Mar. 6, 2018); Magee v. Crowe, 09-0167, 2010 WL 4338641 (E.D. La. Oct. 21, 2010) (denying TRO and preliminary injunction for possible future retaliation); Damm v. Rubin, 07-cv-717, 2007 WL 1741743 (W.D. La. June 12, 2007) (denying TRO for possible future retaliation); Holloway v. Johnson, 98-cv-048, 2000 WL 33348780 (W.D. Tex. Oct. 23, 2000) (denying TRO and preliminary injunction for possible future retaliation). Thus, Irby cannot show a likelihood of success on the merits.

Irby's claims will be dealt with in the normal process of this lawsuit when and if Irby pays the requisite filing fee.

## III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Irby's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 3) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 26th day of November, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge

4