UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RONALD IRBY, Plaintiff | CIVIL ACTION NO. 1:18-CV-1330-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (Doc. 1) and a Motion to Remand (Doc. 4) filed by pro se Plaintiff Ronald Irby ("Irby") (#583538). Irby is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Irby complains that he was denied proper medical care.

Because Irby's case was not removed to this Court by Defendants, his Motion to Remand (Doc. 4) should be DENIED. Because his § 1983 claims are prescribed, his Complaint (Doc. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Irby filed a civil rights Complaint (Doc. 1) regarding medical care received at RLCC from 2015-2016. Irby also presented these claims in a petition filed in Louisiana's 12th Judicial District Court, Avoyelles Parish. (Doc. 4-1, pp. 2-9). Irby did not pay the initial portion of the filing fee required by the state court pursuant to Louisiana's law regarding proceedings in forma pauperis. (Doc. 4-1, pp. 15-16). The state case has been stayed due to Irby's failure to pay the deposit. (Doc. 4-1, p. 37).

Although Irby was initially granted leave to proceed in forma pauperis in this Court, the Order was revoked because Irby previously filed three civil actions that were dismissed as frivolous, malicious, or for failing to state a claim for which relief could be granted, and because Irby did not allege that he is in imminent danger of serious physical injury, as required by § 1915(g). (Doc. 8). Thereafter, Irby paid the full filing fee.

Irby alleges that he began seeking medical attention for a heart arrhythmia at RLCC in January 2015. (Doc. 1-2, p. 3). Because no issues were detected on an EKG, the doctor at RLCC referred Irby to a cardiologist in Shreveport. (Doc. 1-2, p. 3). The cardiologist recommended extended heart rate monitoring using one of two monitoring devices. (Doc. 1-2, p. 3). The DOC denied the request for monitoring devices. (Doc. 1-2, p. 3).

In November 2016, an EKG detected atrial fibrillation. (Doc. 1-2, p. 4). Irby reported nose bleeds and inquired about his Coumadin dosage. (Doc. 1-2, p. 5). Irby then began to experience facial swelling. Irby alleges that the physician ordered intravenous antibiotics without determining the cause of the swelling or whether there was an infection. (Doc. 1-2, p. 6). Finally, in December 2016, the AVCC physician ordered that Irby be transported to the hospital. Irby was diagnosed with a facial hematoma due to Coumadin toxicity with probable secondary infection, atrial fibrillation with Coumadin toxicity, and hypertension. (Doc. 1-4, pp. 49-50).

II. Law and Analysis

    A. Irby's Complaint is subject to screening under 28 U.S.C. § 1915A.

As a prisoner seeking redress from an officer or employee of a governmental entity, Irby's Complaint (Doc. 1) is subject to preliminary screening under § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Section 1915A(b) provides for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B. Irby's Complaint is untimely.

The statute of limitations for a § 1983 action is borrowed from state law. See Alford v. United States, 693 F.2d 498, 499 (5th Cir. 1982). Louisiana tort law provides a one-year prescriptive period. See La. Civ. Code art. 3492; Gaspard v. United States, 713 F.2d 1097, 1102 n. 11 (5th Cir. 1983). Federal law, however, determines when a

§ 1983 cause of action accrues. See United Klans of America v. McGovern, 621 F.2d 152, 153 n. 1 (5th Cir. 1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Such knowledge encompasses both: (1) the existence of the injury; and (2) the connection between the injury and the defendant's actions. See Brown v. Nationsbank Corp., 188 F.3d 579, 589-90 (5th Cir. 1999). Actual knowledge is not necessary for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." Piotrowski v. City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).

Irby knew of his injury on December 19, 2016, when he was diagnosed with Coumadin toxicity. (Doc. 1-4, p. 50). Irby did not file his Complaint in this Court until October 9, 2018. (Doc. 1). Although an inmate is entitled to equitable tolling during the pendency of the administrative remedy process, Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002), Irby's grievance ceased to be pending when it was denied as untimely on May 2, 2017. (Doc. 1-4, p. 13). More than one year passed before Irby filed suit in this Court.

C. Irby's Motion to Remand should be denied.

With his Complaint (Doc. 1), Irby filed a Motion to Remand (Doc. 4). Although Irby styles his motion as one for remand, he actually seeks to remove his case from state court to federal court under 28 U.S.C. § 1446. A defendant must file a notice of removal to remove a case from state to federal court. 28 U.S.C. § 1446(a). There is no provision entitling a plaintiff to remove his own case from state court to federal

4

court. Therefore Irby's Motion for Remand (Doc. 4), whether it seeks to remove or remand the case, should be denied.

### III. Conclusion

Because it is untimely, IT IS RECOMMENDED that Irby's Complaint (Doc. 1) be DENIED and DISMISSED WITH PREJUDICE under § 1915A. Because Irby's case was not removed to this Court, IT IS RECOMMENDED that his Motion to Remand (Doc. 4) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of February, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge